UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-22115-CIV-MORENO/O'SULLIVAN

MIGUEL ALCARAS and BERETTA
BOATS, LTD.,
    Plaintiffs,

v.

HATTERAS YACHTS, INC.,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer and Incorporated Memorandum of Law (DE# 25, 9/26/14).

## BACKGROUND

On September 26, 2014, the plaintiffs filed the instant motion. See Plaintiffs' Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer and Incorporated Memorandum of Law (DE# 25, 9/26/14). The defendant filed its response on September 30, 2014. See Defendant's Response in Opposition to Plaintiffs' Motion to Extend Discovery or in the Alternative Exclude the Testimony of Jim Meyer (DE# 27, 9/30/14). The plaintiffs filed a reply on October 10, 2014. See Plaintiffs' Reply in Support of Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer (DE# 28, 10/10/14). This matter is ripe for adjudication.

## ANALYSIS

Non-party Jim Meyer is the former President of the corporate defendant and the Chief Executive Officer of Brunswick Corporation's Hatteras division. See Plaintiffs'

Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer and Incorporated Memorandum of Law (DE# 25 at 2, 9/26/14).

On July 25, 2014, the defendant provided the plaintiffs with Mr. Meyer's name as well as the names of three other witnesses as part of the defendant's Fed. R. Civ. P. 26 disclosures. See Defendant's Response in Opposition to Plaintiffs' Motion to Extend Discovery or in the Alternative Exclude the Testimony of Jim Meyer (DE# 27 at 2, 9/30/14). Approximately two weeks later, the plaintiffs requested deposition dates for the four witnesses named in the defendant's Rule 26 disclosures and asked that the depositions not take place until after the response date for the plaintiffs' first request for production, September 1, 2014. See August 7, 2014 Email (DE# 27-1 at 9, 9/30/14). On August 26, 2014, the defendant advised the plaintiffs that Mr. Meyer was not responding to its inquiries, that he should be subpoenaed for deposition and provided the plaintiffs with a North Carolina address for Mr. Meyer.

Nonetheless, the defendant continued its efforts to contact Mr. Meyer and on September 2, 2014, notified the plaintiffs that Mr. Meyer would be available for deposition without a subpoena on four separate dates in September. The parties made preliminary arrangements to conduct Mr. Meyer's deposition on September 24, 2014, one of the proposed deposition dates.

On September 15, 2014, Mr. Meyer advised that he would only be available for deposition for an hour and a half on September 24, 2014, but would make himself available the day before, September 23, 2014, beginning at 9:00 PM. In an email dated September 19, 2014, counsel for the defendant wrote to counsel for the plaintiff that:

"Mr Meyer has clarified that the 9 pm start time on 9/23 is open-ended, so theoretically you could finish that night." See September 19, 2014 Email (DE# 27-1 at 30, 9/30/14). Counsel for the plaintiff refused to avail himself of the September 23, 2014 deposition date, responding that: "This is not a game. Our view is we take a deposition in the ordinary course during a business day." See September 19, 2014 Email (DE# 27-1 at 32, 9/30/14).

The plaintiffs did not depose Mr. Meyer and instead filed the instant motion. The plaintiffs seek additional time to depose Mr. Meyer. See Plaintiffs' Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer and Incorporated Memorandum of Law (DE# 25 at 10, 9/26/14). Alternatively, the plaintiffs ask that the Court preclude Mr. Meyer from testifying at trial. Id.

The discovery period in this case ended on September 12, 2014. See Scheduling Order Setting Trial (DE# 5, 6/17/14).[1] The Court's case management schedule may only be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard precludes modification of the case management schedule unless the schedule cannot "be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998). The plaintiffs have failed to show good cause for extending the discovery period to allow for Mr. Meyer's deposition. The plaintiffs had the opportunity to depose Mr. Meyer on September 23, 2014 beginning at 9:00 PM. The plaintiffs refused to accept Mr. Meyer's

---

[1] The parties had agreed to take Mr. Meyer's deposition outside the discovery period.

offer of the September 23, 2014 deposition date even though the discovery period had already passed at that time. Having failed to show due diligence, the plaintiffs are not entitled to an extension of the discovery period.

The plaintiffs have also failed to show good cause for excluding Mr. Meyer's testimony at trial. The plaintiffs had the opportunity to depose Mr. Meyer and failed to avail themselves of that opportunity.

### **CONCLUSION**

The plaintiffs have failed to show good cause for the relief requested in the instant motion. Accordingly, it is

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Extend Pretrial Deadline to Complete Discovery or in the Alternative to Exclude Testimony of Jim Meyer and Incorporated Memorandum of Law (DE# 25, 9/26/14) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **17th** day of October, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record