UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22115-CIV-MORENO

MIGUEL ALCARAS and BERETTA BOATS, LTD.,

    Plaintiffs,

vs.

HATTERAS YACHTS, INC.,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER was referred to the Honorable John J. O'Sullivan, United States Magistrate Judge for a Report and Recommendation on the Defendant's Motion for Summary Judgment **(D.E. No. 23)**, filed on **September 26, 2014**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 54)** on **November 25, 2014**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and having heard oral argument, it is

**ADJUDGED** that United States Magistrate Judge John J. O'Sullivan's Report and Recommendation **(D.E. No. 54)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. The Court agrees with the Magistrate Judge that Defendant Hatteras did not breach the Release Contract when it sold the 60C (Plaintiffs' original yacht) and satisfied the existing loan with the sales proceeds. The Court also finds that Plaintiffs' failure to make payment on the GT60

(the replacement yacht) on the agreed upon date and their failure to take delivery of the replacement yacht constituted a breach of the Release Contract, which was not expressly contingent upon Plaintiffs obtaining financing. With respect to the Plaintiffs' claims for breach of the implied convenant of good faith and fair dealing and for unjust enrichment, the Court finds that Defendant is entitled to summary judgment.

As the Plaintiffs conceded at oral argument before Magistrate Judge O'Sullivan, the Court grants summary judgment in favor of Defendant as to the broker fee of $225,000 incurred in selling the replacement yacht. In addition, having found Plaintiffs to be the first party to breach the contract, the Court finds Plaintiffs are not entitled to recover the $118,157.73 credit for items not included in the replacement yacht, the $70,000 credit for transportation of the replacement yacht to Venezuela, the $21,158.10 credit for items that were on Plaintiffs' original yacht, but not on the replacement yacht, and the $19,712.64 charged to Plaintiffs by Defendant for the maintenance of the replacement yacht. The Court also finds as a matter of law that Defendant is entitled to recover $5,967 incurred by the Defendant in fuel for the new buyer of the replacement yacht. The parties do not dispute that Plaintiffs are entitled to recover $72,724.22, which represents the excess proceeds from the sale of the replacement yacht.

A jury trial is set for **Tuesday January 13, 2015 at 9:00 AM** on the following remaining issues of fact:

(1)   **Broker Fee of $100,000 for the Sale of Plaintiff's Original Yacht** - The jury will decide whether Defendant properly charged Plaintiffs for the $100,000 broker's fee when it sold Plaintiffs' original yacht as the parties agreed in the Release Contract that Yachtcenter would sell it without assessing a broker's fee.

(2) **Interest of $51,799.49** - The jury will decide whether Defendant properly assessed $51,799.49 in interest against Plaintiffs when it sold the Plaintiffs' original yacht.

(3) **Charge for the Engine Upgrade of $92,000** - The jury will decide whether Defendant waived its claim of charging Plaintiffs for the $92,000 engine upgrade. The testimony of Defendant's Sales Manager Karl Kemppainen creates an issue of fact when he agrees that Plaintiffs should not have been charged a markup for the GT- 1700s.

(4) **Value of the Azimut Yacht** - The Court finds there is a factual question as to the true value of the Azimut yacht (the trade-in), whether Defendant acted reasonably when it sold the replacement yacht for $1,375,000 in cash plus the trade-in of the Azimut yacht, and whether it acted reasonably when it failed to liquidate the Azimut yacht. It is also

**ADJUDGED** that Plaintiff shall submit a numbered list of exhibits and a witness list by no later than **Friday January 9, 2015 at noon** and Defendant shall do the same by no later than **Monday January 12, 2015 at noon**. The witness lists shall include a two-paragraph summary of the expected testimony by each witness. Counsel shall submit proposed verdict forms and jury instructions to the Court on **Tuesday January 13, 2015**.

DONE AND ORDERED in Open Court at Miami, Florida, this 7 day of January, 2015.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge John J. O'Sullivan

Counsel of Record