UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22115-CIV-MORENO

MIGUEL ALCARAS and BERETTA BOATS, LTD.,

    Plaintiffs,

vs.

HATTERAS YACHTS, INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART MOTION FOR COSTS

THIS CAUSE came before the Court upon the Defendant's Motion for Costs **(D.E. No. 99)**, filed on February 9, 2015.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part as set forth below.

Defendant Hatteras Yachts, Inc. has moved to tax costs as the prevailing party at summary judgment. At summary judgment, the Court found that Plaintiff had breached the release agreement by failing to take delivery of the replacement yacht. The Court ruled that summary judgment is appropriate on all three of Plaintiff's claims, breach of the release contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. The issues at trial dealt with the mitigation of damages. As the prevailing party, the Court finds Hatteras is entitled to recover costs under 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1).

Federal statute 28 U.S.C. § 1920 provides the following allowable costs: (1) fees of the clerk

and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. Hatteras is seeking clerk fees, transcript costs, interpreter costs, mediation costs and travel costs for counsel totaling $18, 396.39.

The Court grants Hatteras $475 in clerk fees and $3,133.65 in transcript costs as allowable under 28 U.S.C. § 1920. The Court also does not award the costs of mediation and the costs of travel as they are not allowable under 28 U.S.C. § 1920. With respect to the costs of interpreters and translation, the Court exercises its discretion under 28 U.S.C. § 1828 to disallow the interpreter costs totaling $1,312.50. Likewise, the Court exercises its discretion to disallow the costs associated with the translation of documents totaling $5840.59, as the Defendant has not explained why translations were needed on an expedited basis. Accordingly, the Court awards Defendant $3,608.65. For which sum let execution issue.

DONE AND ORDERED in Chambers at Miami, Florida, this 17 day of March, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record